CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUN 09 2010

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| REGINA M. CHRISTMAS, | CASE NO. 3:09CV00005 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| MICHAEL J. ASTRUE[1], Commissioner of Social Security, | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | |

Before the court is the plaintiff's April 15, 2010 motion for an award of attorney fees in the amount of $5,950 under the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412(d) and the defendant's May 12, 2010 opposition thereto.[2] For the reasons that follow, the defendant's opposition will be overruled in its entirety and an Order will enter awarding plaintiff's counsel attorney fees in the amount of $5,950 to be paid according to law.

**PROCEDURAL BACKGROUND**

On December 26, 2002 plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act, as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq. In a decision issued on June 25, 2004, an Administrative Law Judge ("Law Judge") found that plaintiff possessed the residual functional capacity (RFC) to perform sedentary work, and as such, she was not disabled. (R. 20-27.) Plaintiff sought review

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant.

[2] Plaintiff has reserved the right to seek and award of fees under the Social Security Act, 42 U.S.C. § 406 in the event the court here awards an amount less than 25% of plaintiff's past due benefits or denies the instant motion altogether.

of this decision, which the Appeals Council denied on April 29, 2005. (R. 247-249.) Thereafter, plaintiff filed an action in this court seeking judicial review of the Commissioner's final decision. See *Christmas v. Barnhart*, 3:05CV00027 (February 22, 2006).

On January 26, 2006, the undersigned rendered a Report and Recommendation recommending that the case be reversed and remanded for further proceedings. (R. 257.) On February 22, 2006, the presiding District Judge entered an Order overruling the Commissioner's Objections, adopting the January 26, 2006 Report and Recommendation and remanding the case to the Commissioner for further proceedings.

A supplemental hearing was held on July 19, 2006. (R. 387-416.) The Law Judge issued a second decision on November 24, 2006, finding that plaintiff was not disabled under the Act. (R. 221.) Plaintiff appealed the November 24, 2006 decision to the Appeals Council, but the Appeals Council denied the request for review. (R. 201-203.) The Law Judge's November 24, 2006 decision became the final decision of the Commissioner. (R. 201.)

On September 14, 2009, the undersigned issued a Report and Recommendation recommending that an Order enter granting the plaintiff's motion for summary judgment, reversing the Commissioner's final decision and entering judgment for the plaintiff and recommitting the case to the Commissioner solely to calculate and pay proper benefits. (Dkt. No. 13.) The Commissioner filed objections. (Dkt. No. 14.)

Following a *de novo* review, the presiding District Judge agreed with the September 14, 2009 Report and Recommendation to the extent that Commissioner's decision was not supported by substantial evidence, and he reversed the Commissioner's decision. (Dkt. No. 16.) However the court remanded the case for further proceedings, including further evidentiary proceedings,

with direction to the Commissioner concerning the weight to be accorded the evidence and concerning the necessity to provide an explanation for any failure to give controlling weight to the evidence of treating doctors.

**LEGAL BACKGROUND**

In order establish entitlement to fees under the EAJA, a claimant must show: (1) he is a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) he filed a timely petition supported by an itemized statement. *See* 28 U.S.C. § 2412; *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir.1991). It is the government's burden to demonstrate that its position was substantially justified. *Id.* at 658. A district court's determination that the government's position was substantially justified is reviewed for abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 557-59 (1988). For a position to be substantially justified, it must be "more than merely undeserving of sanctions for frivolousness," it must be justified to a degree as to satisfy a reasonable person. *Id.* at 565-66.

**PARTIES' CONTENTIONS**

Plaintiff contends she is a prevailing party, and that the Commissioner's position supporting his decision to deny benefits never has been substantially justified, either before or after the court's remands. Moreover, she notes that the experience of her lead counsel and associate counsel more that justifies the $125 allowed under the EAJA, and that the time spent pressing through all the administrative and court-related processes to reach the latest court decision adverse to the Commissioner, in light of the Commissioner's persistent misapplication of controlling law, is more than reasonable under the circumstances.

The Commissioner, on the other hand, contends that plaintiff is not entitled to any EAJA

3

award because his latest decision was "substantially justified." He points to the District Judge's March 17, 2010 decision acknowledging that certain portions of a medical expert's evidence supported the Commissioner's decision even though the court remanded the case for further explanation by the Commissioner for his final denial of benefits. The Commissioner further believes the case was not remanded for any substantive deficiency but merely to consider additional evidence and explain his Commissioner's reliance on the opinions of non-treating, non-examining physicians to discredit those of plaintiff' treating doctors. In addition the Commissioner asserts that the amount plaintiff seeks is excessive for the following reasons: (1) it is above the District average; (2) it reflects excessive compensation at a rate of $125 per hour for both lead counsel and his associate; and (3) it reflects an excessive amount of hours spent on the case.

## SUBSTANTIALLY JUSTIFIED

The Commissioner offers that the March 17, 2010 decision by the District Judge cannot be construed as determining that the final decision was unsupported by substantial evidence and that the court's remand was merely to allow the Commissioner an opportunity to explain the bases for discrediting plaintiff's treating doctors. However, this argument fails to account for the Commissioner's decision not to follow long-established regulatory and decisional authorities in this circuit compelling an explanation for rejecting treating physician reports in favor of those from non-treating or non-examining medical sources that would be reviewable by the courts. March 17, 2010, *Memorandum Opinion* at 12-13. The argument begs the question whether a final agency decision can be substantially justified when the administrative decision maker does not follow the requirements of the law relating to credibility determinations.

It is clearly established that where the Commissioner's final decision is not supported *either* by the evidence or the law, it cannot be said to be substantially justified. *See Pierce,* 487 U.S. at 565. While the District Judge stopped short of finding the Commissioner substituted his judgment for those of the treating doctors, the court certainly determined that further proceedings were necessary to allow the Commissioner an opportunity to reassess the merits of plaintiff's claim in light of the court's decision. If plaintiff's claim was to be denied once more, the Commissioner was required to comply with regulatory and decisional law and provide a reasonable explanation for any credibility assessments. Otherwise, the Commissioner would risk reversal. In the undersigned's view, the District Judge determined that the Commissioner's position was not substantially justified because the Commissioner twice had by-passed and had failed to comport with a process designed to produce a judicially reviewable decision.

The undersigned also notes that plaintiff claimed and was awarded EAJA fees in relation to the court's first remand. How much more should the instant claim be cognizable for an EAJA award where the Commissioner again reached a decision without supporting it in a manner required by law? After all, the Commissioner had a second chance to craft a decision that supported his denial of the claim both factually and legally. Yet, he seemingly retrenched, drawing a line in the sand on the outcome of the case without ever providing the legally necessary explanation for discrediting the evidence of plaintiff's treating sources.

In short, the undersigned believes that the Commissioner's final decision was not substantially justified under the controlling regulatory and decisional authorities. Thus, plaintiff's motion for fees under the EAJA is cognizable.

**REASONABLENESS OF FEE**

The Commissioner's remaining objections to the reasonableness of the claimed attorney fees will not long detain the court. First among them is the assertion that plaintiff's request exceeds that "District average." Frankly, this is the first time in the nearly 29 years the undersigned has been on the bench such a novel term and argument has been made under the EAJA. Plaintiff's counsel, who has practiced before the court in this field for about as long, if not longer, calls the argument "nonsensical." Plaintiff's Response, May 24, 2010 at 7. The Commissioner has offered no authority supporting his position, which, at its core, attempts to aggregate the first award of EAJA fees with this one. When thus aggregated, the Commissioner claims that the total exceeds some mystical average which he has calculated to have been awarded to counsel in this District under the EAJA.

The undersigned declines to accept the "District average" proffered by the Commissioner for determining the reasonableness of an EAJA award for several reasons. First, there is nothing in the EAJA or in this circuit's decisional authority that would require the district courts to consider an average award in assessing a lodestar-styled fee.[3] Carried to its ultimate, each district in the United States theoretically could trump the very process established by the EAJA and essentially relegate counsel to a fixed range of fees based on the some mystical, if not mythical, average for that district. In other words, the standard process for awarding a fee under the EAJA would be subject to "home cooking."

Second, adoption of such an approach would have a chilling effect on the pursuit of

---

[3]The hourly rate statutorily is capped under the EAJA at $125 per hour, subject to any cost-of-living adjustments, and is or below the hourly rates the court customarily sees charged by associates in this geographic area. A reasonable fee is determined by multiplying the EAJA-approved hourly rate by a reasonable number of hours.

sequential challenges to the Commissioner's decisions where there has been one or more remands. A claimant's counsel always runs the risk of losing the case. The Commissioner's approach would add the a risk to prevailing by severely limiting fee recovery under the EAJA, no matter how substantially unjustified the Commissioner's position has been.

Third, the consequence of this would be to dissuade counsel from pursuing claims because the risk of not collecting or collecting just a fraction of the fee would be a disincentive for pursuing the case while emboldening the Commissioner to deny the claim. The objection on this ground is overruled.

It is the undersigned's view that the Commissioner's objections to the hourly rate of $125 is entirely without merit, bordering on frivolous. The rate is well below that which the experience of Mr. Cooper would command and is in line with fees charge by associate level counsel. This objection is overruled.

Finally, the court turns to the Commissioner's objection to the number of hours spent by counsel on the case. His contentions regarding the time spent in communication between plaintiff and counsel displays little understanding of the intensity in the attorney-client relationship developed during the claims process. His assertion that the amount of time spent on the brief filed with the court is excessive for lack of complexity is belied by the fact the Commissioner, himself, has yet to adjudicate this case in a regulatorily correct manner necessitating a more detailed and better articulated position on judicial review the second time around.[4] This objection is overruled.

---

[4]The Commissioner's entire brief on this issue comes across as an effort to administratively dictate both the number of hours and the kind and quality of service counsel is to employ in a case like this. Just as in the case of the apparent attempt to impose his notion of a "District average," the Commissioner seems to be making an effort to impose his notion of time limits on drafting and revising a claimant's brief. Neither find traction with this court.

Accordingly, an Order will enter GRANTING plaintiff's motion for the award of EAJA fees in the amount of FIVE THOUSAND NINE HUNDRED FIFTY and 00/100 ($5,950.00) to be paid according to law.[5]

The Clerk of the Court is hereby directed to transmit a copy of this Memorandum Opinion to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

6/9/10
Date

---

[5] Payment is to be made directly to plaintiff's counsel as plaintiff's assignee.